# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DOM WADHWA, | DOCKET NUMBER |
| Appellant, | PH-3443-15-0266-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: September 30, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Dom Wadhwa</u>, Moorestown, New Jersey, pro se.

<u>Lauren Russo</u>, Esquire and <u>Stacey Conroy</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  See Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  For the reasons discussed below, we DENY the petition for review, AFFIRM the initial decision insofar as it found that the appellant had prematurely filed his IRA appeal, and FORWARD the appellant's now-ripe IRA appeal to the regional office for adjudication.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant is a Physician for the agency.  Initial Appeal File (IAF), Tab 1 at 9.  On March 22, 2015, the appellant filed a complaint with the Office of Special Counsel (OSC), alleging that the agency took several personnel actions against him, including reducing his performance pay for fiscal years 2012 and 2013 in connection with retaliation for equal employment opportunity activity or other unspecified violations of Title VII of the Civil Rights Act.  *Id*. at 14-26.  The following day, he filed a Board appeal challenging the performance pay decisions. *Id*. at 3, 6.

¶3        On May 18, 2015, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without a hearing.  IAF, Tab 10, Initial Decision (ID) at 2, 4.  He found that the appellant did not allege that the agency subjected him to any personnel action that he could appeal directly to the Board.  ID at 2 n.2.  Rather, he construed the appeal as an IRA appeal and found

that the appellant had not shown that he had exhausted his administrative remedies with OSC. ID at 2-4. The administrative judge expressly declined to make findings on the other jurisdictional elements of an IRA appeal. ID at 2 n.1.

¶4 The same day that the administrative judge issued his initial decision, the appellant forwarded OSC a copy of one of his Board pleadings for inclusion in the complaint file at issue. IAF, Tab 12. Among other things, the pleading contained allegations that the reductions in performance pay were in reprisal for protected disclosures. IAF, Tab 9 at 5-8.

¶5 On June 21, 2015, the appellant filed a timely petition for review. Petition for Review (PFR) File, Tab 1. He attached correspondence from OSC dated May 8, 2015, and May 27, 2015, showing that OSC had considered the appellant's whistleblower claims but nevertheless closed his file without taking corrective action. *Id*. at 11-16. The agency has filed a response to the petition for review, PFR File, Tab 3, and the appellant has filed a reply to the agency's response, PFR File, Tab 4.

¶6 The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

¶7 For the reasons explained in the initial decision, we agree with the administrative judge that the Board lacked jurisdiction over the appeal because the appellant filed it prematurely, i.e., before OSC had closed the appellant's complaint file and before 120 days had passed since he filed his complaint. ID at 3; *see* 5 U.S.C. § 1214(a)(3); *Ratliff v. General Services Administration*, 66 M.S.P.R. 394, 397 (1995), *appeal dismissed*, 52 F.3d 344 (Fed. Cir. 1995) (Table). However, now that OSC has closed the appellant's file, this appeal is ripe for adjudication. PFR File, Tab 1 at 15-16; *see* 5 U.S.C. § 1214(a)(3)(A)(i).

Because the Board's practice is to adjudicate an appeal that was premature when it was filed but becomes ripe while pending with the Board, we forward this appeal to the regional office for adjudication.  *See Jundt v. Department of Veterans Affairs*, 113 M.S.P.R. 688, ¶ 7 (2010).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:            _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.